Shields, Justice, delivered the opinion of the court: By the 15th ciause of the 18th section of an “ act to establish and maintain a general system of internal improvement,” approved February 27th, 1837 (Gale’s Stát. 361; Acts of 1837, 136), it is pro* vided “ that there shall be appropriated the sum of two hundred thousand dollars of the first moneys which shall be obtained under this act, to be drawn by the several counties, in a rateable proportion to the census last made, through which no railroad or canal is provided to be made at the expense or cost of the state of Illinois, which said money shall be expended in tile improvement of "roads, constructing bridges, and other public works.” The county of Greene received its rateable proportion of this money, and the county commissioners appointed agents to loan it to individuals. Charles Kitchens, one of the defendants in the court below, was appointed one of these agents. He received the sum of $9061.50 of said fund, to be loaned under the direction of the said county commissioners’ court. The said Kitchens gave'a bond with the other defendants, as sureties, to the county commissioners of Greene county, conditioned to account for said money, and pay over the same, together with the accumu-[*486] lating interest arising thereon, when demanded by the said court. Suit was brought upon this bond, and various breaches assigned. The defendants demurred to the declaration, and a judgment pro forma was rendered by the court on demurrer. To reverse the judgment the cause is brought to this court, and it is urged that the county commissioners’ court having no power to lend this money, the act was contrary to law, and consequently void. Various authorities were cited by counsel to prove this position, but we think none of them applicable to the present case. This money was given to the county to be expended in a particular manner; and it is the duty of the county commissioners’ court to see it expended in the .manner prescribed by law. While the fund continues unexpended, it is under the entire control of the county commissioners’ court, to be kept by themselves or agents. Being authorized to appoint agents to keep the fund, they had the power to require those agents to give security for its safe keeping. So also they had the power to lend the fund and employ an agent for that purpose, and the agent thus employed cannot question the authority of the principal who appointed him. Lending the fund might be the safest mode of keeping it, and the best to accomplish the general purpose for which it. was given. The county commissioners’ court had control of the fund, in all respects, except expenditure. In such case general objects are prescribed; but even then, the court has a discretion in the selection of these objects, and the terms at which the money is to be expended, etc., and the public alone can complain if this discretion is improperly exercised. Be this as it may, however, the defendants here having given bond to do certain acts, and those acts being neither unlawful in themselves, nor repugnant to the general policy of the law, they are estopped from denying the authority under which they acted. The judgment below is therefore affirmed with costs, and the cause remanded. Judgment affirmed.